NOT DESIGNATED FOR PUBLICATION

No. 128,949

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN S. LOGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion filed July 31, 2026. Remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Brian S. Logan, having now served the prison portion of his sentence, timely appeals the district court's denial of his request to remove electronic monitoring as a condition of his lifetime postrelease supervision. Logan pled guilty to two counts of aggravated indecent liberties with a child, subject to a Jessica's Law life sentence under K.S.A. 21-6627. The district court granted a durational departure and sentenced Logan under K.S.A. 21-6804(a) to a total term of 110 months' imprisonment.

The Kansas Department of Corrections (KDOC) has now imposed lifetime electronic monitoring as a condition of Logan's postrelease, presumably because the

1

journal entry reflected Logan was sentenced under K.S.A. 21-6627. Before the district court, Logan sought clarification of the conditions of his postrelease supervision. The district court confirmed it never imposed lifetime electronic monitoring as a condition of his postrelease supervision but still denied Logan's motion.

Logan now asks us to remand to the district court with instructions to issue a nunc pro tunc journal entry of judgment. After a thorough review of the record, we find there is a clerical error in the journal entry, and we remand the case to the district court to enter a nunc pro tunc journal entry of judgment reflecting Logan was sentenced under K.S.A. 21-6804(a) and not under K.S.A. 21-6627.

FACTUAL AND PROCEDURAL BACKGROUND

Logan pled guilty to two counts of aggravated indecent liberties with a child, both off-grid person felonies, for acts committed in January 2014. As part of the plea agreement, the parties recommended the district court depart to the sentencing grid and impose the low sentencing number while jointly recommending the two sentences run consecutive.

The district court granted Logan's motion for durational departure, sentenced him to a term of 55 months' imprisonment for each offense, and ordered the sentences to run consecutive. The district court stated, "There is lifetime postrelease supervision" and informed Logan he had to register for life as a sex offender.

The journal entry of judgment marked that Logan was sentenced under K.S.A. 21-6627, where the offender was 18 years of age or older and the victim was less than 14 years old. Directly under this notation, the journal entry shows: "First Offense—Downward departure to guidelines; lifetime postrelease." The journal entry has several

2

notations showing Logan was subject to lifetime postrelease supervision. Logan's presentence investigation report did not check the box for lifetime electronic monitoring.

In December 2024, Logan filed a motion to clarify and determine sentence conditions. In the motion, Logan argued the journal entry characterized his sentences as Jessica's Law crimes under K.S.A. 2013 Supp. 21-6627 but otherwise did not mention K.S.A. 2013 Supp. 21-6604(r), the statute mandating lifetime electronic monitoring. Logan explained K.S.A. 2013 Supp. 21-6627 sets out mandatory minimum sentences, the bases for departure, and the provisions of lifetime postrelease supervision, but is silent as to lifetime electronic monitoring. And K.S.A. 21-6604(r) was not mentioned anywhere in his sentencing paperwork and was not otherwise ordered by the district court. Logan contended that, for him to be subject to lifetime electronic monitoring, the district court had to order such monitoring and its failure to do so could not "be cured by Parole."

The district court held a hearing on the motion, and Logan again argued KDOC could not order lifetime electronic monitoring on its own; it must be an order of the court. Logan pointed out K.S.A. 2013 Supp. 21-6604(r) states the district judge shall order electronic monitoring but further claimed the statute is ambiguous because "'shall' under the Kansas Sentencing Guidelines doesn't always mean 'shall.'" The State responded: "KDOC has its own authority about what conditions are required," and the district court does not have the authority to either order lifetime electronic monitoring or remove it. The district court explained:

> "I have sympathy for you, Mr. Logan, honestly, but if that's what the position is, which I think that's the correct position that [the State] is telling us about, then, [defense counsel], you can always appeal it for Mr. Logan and have the matter resolved. I think that's where it's going to be.

> "I tend to agree with [the State]. I researched this thing also because it didn't make a lot of sense for me, so what I'm going to do is deny your motion, [defense

counsel]. Just get the appeal on file for Mr. Logan, and then they'll have one of the—either the Court of Appeals or the Supreme Court will figure it out for you.

"But I do understand the dilemma, and I'm sorry for you because I looked through the plea, I looked through the sentencing, couldn't find that I ever ordered it, so I didn't. But if KDOC says, 'We require it,' then, [defense counsel], you'll see if you can get that resolved . . . ."

ANALYSIS

Logan argues the district court erred in denying his motion to clarify and determine sentence conditions because when the district court departed to an on-grid sentence it subjected him to lifetime postrelease supervision, not parole, and he was not subject to lifetime electronic monitoring. Logan asserts KDOC likely imposed lifetime electronic monitoring as a condition of his release from prison because his journal entry incorrectly shows he was sentenced under K.S.A. 21-6627. Logan now seeks the reversal of the district court's denial of his motion and for us to remand to the district court with directions to issue a nunc pro tunc journal entry clarifying he was not sentenced under K.S.A. 21-6627. The State responds a nunc pro tunc order is inappropriate because Logan was sentenced under K.S.A. 21-6627(d)(1), and removing the reference to that statute would make the journal entry inaccurate.

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." K.S.A. 22-3504(b). A nunc pro tunc order is an appropriate means to correct arithmetic or clerical errors. *State v. Turner*, 317 Kan. 111, 113, 525 P.3d 326 (2023). Clerical errors include "'typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning matters of procedure.'" *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019). To the extent we must interpret

4

K.S.A. 21-6627, we have unlimited review. See *State v. Jolly*, 301 Kan. 313, 320, 342 P.3d 935 (2015).

Generally, the district court must sentence a defendant who is 18 years of age or older and convicted of aggravated indecent liberties with a child to a term of "imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years . . . ." K.S.A. 21-6627(a)(1)(C). Upon sentencing a defendant to imprisonment under K.S.A. 21-6627, the district court shall order the defendant be electronically monitored for the duration of his or her natural life upon release from prison. K.S.A. 21-6604(r); K.S.A. 22-3717(v).

But, if it is the defendant's first conviction of a crime listed in K.S.A. 21-6627(a)(1)(A)-(H), the district court may find substantial and compelling reasons to impose a departure sentence. If the district court finds substantial and compelling reasons to depart, the defendant "shall be . . . sentence[d] pursuant to the revised Kansas sentencing guidelines act, article 68 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto." K.S.A. 21-6627(d)(1). "Inmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence." K.S.A. 22-3717(q).

This was Logan's first conviction of a crime listed under K.S.A. 2013 Supp. 21-6627(a)(1)(A)-(G), and the district court found substantial and compelling reasons to impose a departure sentence to the sentencing grid. Although Logan was convicted of an off-grid crime, the district court departed to the sentencing grid under the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., and imposed a determinate sentence of 110 months' imprisonment. The statutory provisions applicable to those serving indeterminate sentences, specifically parole and lifetime electronic monitoring, are not applicable to Logan. See *State v. Ballard*, 289 Kan. 1000, 1014, 218 P.3d 432 (2009). Logan's sentence is subject to lifetime postrelease supervision, not parole. See K.S.A.

5

2013 Supp. 22-3717(d)(1)(G) (requiring "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life"); *State v. Ross*, 295 Kan. 1126, 1132, 289 P.3d 76 (2012) (explaining parole and postrelease supervision are not the same thing and are not interchangeable).

Logan's journal entry of judgment reflects he was "sentenced pursuant to K.S.A. 2012 Supp. 21-6627 where offender is 18 years of age or older and the victim is less than 14 years of age." While there is a notation stating the district court granted a downward durational departure because it was Logan's first offense and ordered lifetime postrelease supervision, the checked box showing the sentence was imposed under K.S.A. 21-6627 is inconsistent with the district court's departure sentence. The State's argument that Logan was sentenced under K.S.A. 2013 Supp. 21-6627(d)(1) fails to reference the portion of the subsection stating a departure "shall be . . . sentence[d] pursuant to the revised Kansas sentencing guidelines act, article 68 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto." Because the sentence was a departure, it fell under K.S.A. 2013 Supp. 21-6804(a), not K.S.A. 2013 Supp. 21-6627.

The district judge's oral pronouncement departing from an off-grid sentence and imposing a determinate sentence controls over a conflicting notation in the journal entry. Such clerical mistakes can be remedied through a nunc pro tunc journal entry at any time. *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). The district court did not order electronic monitoring, and the journal entry of judgment also does not suggest Logan is subject to such monitoring. Logan acknowledges the nunc pro tunc journal entry of judgment may not resolve the overarching issue of electronic monitoring but is a starting point as K.S.A. 22-3717(u) requires the parole board to order electronic monitoring for the duration of a defendant's natural life who was sentenced under K.S.A. 21-6627. Ultimately, the secretary of corrections has authority to assign "the appropriate level of supervision . . . ." K.S.A. 22-3717(k)(1). While the nunc pro tunc journal entry

6

will clarify Logan was sentenced under K.S.A. 21-6804(a), the secretary of corrections may still choose to impose electronic monitoring as an appropriate level of supervision while Logan is subject to lifetime postrelease supervision.

Remanded with directions.